RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
NICHOLAS WOLFRAM
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Nicholas_Wolfram@fd.org

Attorney for Jonathan Allen Duffin

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JONATHAN ALLEN DUFFIN,<br><br>    Defendant. | Case No. 2:25-mj-00309-DJA<br><br>**STIPULATION TO CONTINUE MOTION DEADLINES AND BENCH TRIAL**<br>(First Request) |

    IT IS HEREBY STIPULATED AND AGREED, by and Between Sue Fahami, Executive Assistant United States Attorney, and Skyler Pearson, Assistant United States Attorney, counsel for the United States of America, and Rene L. Valladares, Federal Public Defender, and Nicholas Wolfram, Assistant Federal Public Defender, counsel for Jonathan Allen Duffin, that the bench trial currently scheduled on December 10, 2025, be vacated and continued to a date and time convenient to the Court, but no sooner than sixty (60) days.

    IT IS FURTHER STIPULATED AND AGREED, that the parties herein shall have to and including December 30, 2025, to file any and all pretrial motions and notices of defense.

    IT IS FURTHER STIPULATED AND AGREED, by and between the parties, that they shall have to and including January 13, 2026, to file any and all responsive pleadings.

IT IS FURTHER STIPULATED AND AGREED, by and between the parties, that they shall have to and including January 20, 2026, to file any and all replies to dispositive motions.

This Stipulation is entered into for the following reasons:

1. Counsel for the defendant needs additional time to conduct investigation in this case in order to determine whether there are any pretrial issues that must be litigated and whether the case will ultimately go to trial or will be resolved through negotiations.

2. The parties agree to the continuance.

3. The defendant is out of custody and does not object to the continuance.

4. Additionally, denial of this request for continuance could result in a miscarriage of justice. The additional time requested by this Stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), considering the factors under Title 18, United States Code, Section 3161(h)(7)(B)(i), (iv).

This is the first request for a continuance of the bench trial.

DATED this 28th day of October 2025.

| | |
|---|---|
| RENE L. VALLADARES<br>Federal Public Defender | SUE FAHAMI<br>Executive Assistant United States Attorney |
| By /s/Nicholas Wolfram<br>NICHOLAS WOLFRAM<br>Assistant Federal Public Defender | By /s/ Skyler Pearson<br>SKYLER PEARSON<br>Assistant United States Attorney |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JONATHAN ALLEN DUFFIN,<br><br>　　　　Defendant. | Case No. 2:25-mj-00309-DJA<br><br>FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER |

**FINDINGS OF FACT**

Based on the pending Stipulation of counsel, and good cause appearing therefore, the Court finds that:

1. Counsel for the defendant needs additional time to conduct investigation in this case in order to determine whether there are any pretrial issues that must be litigated and whether the case will ultimately go to trial or will be resolved through negotiations.

2. The parties agree to the continuance.

3. The defendant is out of custody and does not object to the continuance.

4. Additionally, denial of this request for continuance could result in a miscarriage of justice. The additional time requested by this Stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), considering the factors under Title 18, United States Code, Section 3161(h)(7)(B)(i), (iv).

This is the first request for a continuance of the bench trial.

3

**CONCLUSIONS OF LAW**

The ends of justice served by granting said continuance outweigh the best interest of the public and the defendant in a speedy trial, since the failure to grant said continuance would be likely to result in a miscarriage of justice, would deny the parties herein sufficient time and the opportunity within which to be able to effectively and thoroughly prepare for trial, taking into account the exercise of due diligence.

The continuance sought herein is excludable under the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), when the considering the facts under Title 18, United States Code, § 3161(h)(7)(B)(iv).

**ORDER**

IT IS THEREFORE ORDERED that the parties herein shall have to and including December 30, 2025 to file any and all pretrial motions and notice of defense.

IT IS FURTHER ORDERED that the parties shall have to and including January 13, 2026 to file any and all responses.

IT IS FURTHER ORDERED that the parties shall have to and including January 20, 2026 to file any and all replies.

IT IS FURTHER ORDERED that the bench trial currently scheduled on Wednesday, December 10, 2025, at 9:00 a.m., be vacated and continued to **February 18, 2026, at 9:00 a.m.**

DATED this 29th day of October, 2025.

_____
UNITED STATES MAGISTRATE JUDGE